JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Pilgrim Insurance Company

**DEFENDANTS**

(see attached)

**(b)** County of Residence of First Listed Plaintiff    Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael J. Merriam, Esq., Law Offices of Michael J. Merriam, 99 Bedford Street, Suite 400, Boston, MA 02111, 617-428-4200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☐ 2  U.S. Government
Defendant
- ☐ 3  Federal Question
*(U.S. Government Not a Party)*
- ☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | | | Leave Act | ☐ 864 SSID Title XVI | Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1335
Brief description of cause:
Complaint for Interpleader and Declaratory Relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
11/8/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.:

---

PILGRIM INSURANCE COMPANY,
    Plaintiff,

v.

WESTFIELD TRANSPORT, INC.,
VOLODOYMYR ZHUKOVSKYY,
DARTANYAN GASANOV, JOSHUA
MORIN, JOYANN M. MORIN, MICHAEL
FERAZZI, EMANUEL RIBIERO, STEVEN
LEWIS, EDWARD CORR, JOANNE
CORR, DANIEL PEREIRRA, AARON
PERRY, DESMA OAKES, ALBERT
MAZZA, DOUGLAS HAYWARD,
BRENDA HAYWARD, DAVID BARK and
MARY LOU WELCH,
    Defendants.

---

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

### PRELIMINARY STATEMENT

The plaintiff, Pilgrim Insurance Company ("Pilgrim"), brings this Complaint for

Interpleader and Declaratory Relief (28 U.S.C. § 1335) with respect to its rights and obligations

under a policy of commercial automobile liability insurance issued to Westfield Transport, Inc.,

Pilgrim Policy Number CSC00001003760 ("the Pilgrim policy), as well as the rights and

potential rights of multiple persons to the proceeds available under the Pilgrim policy as the

result of an automobile/motorcycle accident which took place on June 21, 2019 in Randolph,

New Hampshire.

1

## FACTS COMMON TO ALL COUNTS

### (a)    The Parties

1. Pilgrim Insurance Company ("Pilgrim") is a Massachusetts corporation licensed to conduct the business of insurance in Massachusetts. Pilgrim has a principal place of business at 695 Atlantic Avenue, Boston, MA 02111.

2. Defendant Westfield Transport, Inc. ("Westfield Transport") is a Massachusetts corporation licensed to conduct business in Massachusetts. Westfield has a principal place of business at 90 Allison Lane, West Springfield, MA 01089.

3. Defendant, Dartanyan Gasanov, ("Mr. Gasanov") is an individual who resides in Massachusetts.

4. Defendant Volodoymyr Zhukovskyy ("Mr. Zhukovskyy") is an individual who resides in Massachusetts.

5. Defendant Joshua Morin is an individual who resides in Massachusetts.

6. Defendant Joyann M. Morin is an individual who resides in Massachusetts.

7. Defendant Michael Ferazzi is an individual who last resided in New Hampshire.

8. Defendant Emanuel Ribiero is an individual who resides in Massachusetts.

9. Defendant Steven Lewis is an individual who resides in Massachusetts.

10. Defendant Edward Corr is an individual who last resided in Massachusetts.

11. Defendant Joanne Corr is an individual who last resided in Massachusetts.

12. Defendant Daniel Pereirra is an individual who last resided in Rhode Island.

13. Defendant Aaron Perry is an individual who last resided in New Hampshire.

14. Defendant Desma Oakes is an individual who last resided in New Hampshire.

15. Defendant Albert Mazza is an individual who last resided in New Hampshire.

16. Defendant Douglas Hayward is an individual who resides in Massachusetts.

17. Defendant Brenda Hayward is an individual who resides in Massachusetts.

18. Defendant David Bark is an individual who resides in New Hampshire.

19. Defendant Mary Lou Welch is an individual who resides in Massachusetts.

20. The Defendants in Paragraphs five (5) through nineteen (19) will be referred to collectively as "the claimants."

(b)     Jurisdiction and Venue

21. Pilgrim re-alleges paragraphs 1 through 20 and incorporates them herein by reference.

22. Pursuant to 28 U.S.C. § 1335, this Court has jurisdiction because two or more of the defendants reside in different states and the amount in controversy is greater than $500.00.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because at least one defendant resides in Massachusetts, which is located within this Court's judicial district.

(c)     The Insurance Coverage

24. Pilgrim re-alleges paragraphs 1 through 23 and incorporates them herein by reference.

25. On June 21, 2019, Westfield was the owner of a 2016 Dodge Ram insured by Pilgrim with attached trailer ("the Westfield Transport vehicle").

26. On June 21, 2019, Mr. Zhukovskyy was operating the Westfield Transport vehicle along Route 2 in Randolph, New Hampshire, when he was involved in a serious motor vehicle accident ("the accident") with several motorcycles.

3

27. At the time of the accident, Pilgrim's insured, Westfield Transport, pursuant to Pilgrim policy number CSC000011003760. The Pilgrim policy had liability insurance coverage with a combined single limit of one million dollars ($1,000,000). A true and accurate copy of the Declarations Massachusetts Business Auto Coverage Form and applicable Massachusetts Mandatory Endorsement relevant to this action is attached hereto as Exhibit "A".

28. As a result of the accident, the claimants specified in paragraphs 5 through 19, have presented claims varying in severity to Pilgrim. Seven of the claims involve fatalities.

(d)     The Competing Claims

29. Pilgrim re-alleges paragraphs 1 through 28 and incorporates them herein by reference.

30. The claims alleged by the claimants vary in severity and include, but are not limited to, seven (7) wrongful deaths, bodily injuries, Loss of Consortium, as well as Intentional Infliction of Emotional Distress.

31. Each of the claimants are claiming, intend to claim, or make a claim sometime in the future, that they are entitled to recover damages from Pilgrim's insureds as a result of the June 21, 2019 accident.

32. Due to the potential large number of claims and the severity of claims for the liability coverage afforded by Pilgrim, Pilgrim is unable to determine the appropriate amounts to be paid under the Pilgrim policy and determine the division of the $1,000,000 policy proceeds to the satisfaction of the many claimants in exchange for releases of its insureds.

33. In response to the numerous varying claims, Pilgrim requests that it be allowed to pay its $1,000,000 policy proceeds into court pursuant to its policy language to resolve its

4

obligations to its insured and the claimants and files this Complaint for Interpleader and Declaratory Judgment in order to protect the rights of persons making claims, or persons who may make claims, under the Pilgrim policy, and to avoid the expense of defending numerous adverse claims.

(e) Pending Litigation

34. Pilgrim re-alleges paragraphs 1 through 33 and incorporates them herein by reference.

35. On or about July 2, 2019, claimants Joshua L. Morin and Joyann M. Morin filed civil action 1979-CV-00488 in the Hamden County Superior Court alleging multiple causes of action against Westfield and Mr. Zhukovskyy.

36. On or about August 2, 2019, claimant Mary Lou Welch filed civil action 219-2019-CV-00449 in the Strafford Superior Court in Dover, New Hampshire alleging multiple causes of action against Westfield.

37. On or about August 21, 2019, Alycia Maregni, As Special Personal Representative of the Estate of Edward A. Corr and of the Estate of Jo-Ann M. Corr, filed civil action 1983-CV-0909 in the Plymouth County Superior Court alleging multiple causes of action against Westfield, Mr. Zhukovskyy and Dartanyan Gasanov.

COUNT I

38. Pilgrim re-alleges paragraphs 1 through 37 and incorporates them herein by reference.

39. Pursuant to 28 U.S.C. § 1335 and the procedure outlined in the Supreme Court case of State Farm Fire & Cas. Co. v. Tashire, 87 S. Ct. 1199 (1967) and the First Circuit case of Metropolitan Property and Casualty Ins. Co. v. Shan Trac, Inc. d/b/a Thrifty Car Rental, 324 F.3d 20 (1st Cir. 2003), Pilgrim is entitled to interplead its policy limits into this

5

court to require all claims be established in a single proceeding and establish Pilgrim's

legal obligations to the defendants with finality.

40. Under the terms of the Massachusetts Mandatory Endorsement of the Pilgrim Policy,

Pilgrim is required to provide a legal defense to its insured for lawsuits arising out of

accidents during the policy term. However, the Massachusetts Mandatory Endorsement

allows Pilgrim to relinquish its duty to defend if it tenders its full policy limits to this

Court.  The specific language of the policy states as follows:

> We have the right and duty to defend any "insured" against a "suit"
> asking for such damages or a "covered pollution cost or expense,"
> even if it is without merit. However, we have no duty to defend any
> "insured" against a "suit" seeking damages for "bodily injury" or
> "property damage" or a "covered pollution cost or expense" to
> which this insurance does not apply. We may investigate and settle
> any claim or "suit" as we consider appropriate. If
> an "insured" settles a claim without our consent, we will not be
> bound by that settlement. Our duty to defend ends when we tender,
> or pay to any claimant or to a court of competent jurisdiction, with
> the court's permission, the maximum amount of the Liability
> Coverage Limit of Insurance. We may end our duty to defend at
> any time during the course of the "suit" by tendering, or paying the
> maximum amount of the Liability Coverage Limit of Insurance,
> without the need for a judgment or settlement of the "suit" or a
> release by the claimant.

41. Pilgrim notes that this endorsement language is controlled by the Commonwealth of

Massachusetts, not by Pilgrim, and must be given its ordinary meaning.  Goodman v.

American Cas. Co., 419 Mass. 138, 140 (1994) (stating "Because this language in the

standard Massachusetts automobile policy is controlled by the Commissioner of

Insurance, and not any insurer, we do not construe any ambiguity against the insurer.").

42. Pilgrim has investigated the claimants' claims and determined that it cannot resolve all of

the claims against its insureds with the policy proceeds and wishes to end its obligations to its insureds by paying its maximum limits of coverage under its policy.

43. Pilgrim notes that its sole interest is to pay its money in accordance with the terms of its policy and thereby conclude its obligations to its insureds. Pilgrim is, therefore, open to (and likely agreeable to) any reasonable terms and conditions that this Court or the parties might wish to suggest.

44. If this Court allows Pilgrim to deposit its policy proceeds into court, Pilgrim specifically requests that this Court include in its order the name of the payee to whom the money should go, and any other terms that this Court may wish to impose.

WHEREFORE, Pilgrim requests that this Court:

    (a)    Compel the claimants to determine through interpleader their competing claims against the policy proceeds;

    (b)    Extinguish with finality all claims that the claimants and insureds have against Pilgrim upon payment of the insurance proceeds;

    (c)    Upon payment of its policy proceeds, discharge all liabilities, duties, and obligations under Pilgrim Policy Number CSC00001003760;

    (d)    Adjudge that the payment of Pilgrim's policy proceeds into court terminates Pilgrim's duty to defend its insureds; and

    (e)    Provide such other and further relief as this Court may deem appropriate.

PILGRIM INSURANCE COMPANY,
By its attorneys,

Michael J. Merriam, Esq.
Law Offices of Michael J. Merriam
99 Bedford Street, Suite 400
Boston, Massachusetts 02111-2221
mmerriam@praclaw.com
(617) 428-4200
BBO#: 632964