UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NUMBER: 1:19-cv-12358-LTS

PILGRIM INSURANCE COMPANY,
    Plaintiff,

v.

WESTFIELD TRANSPORT, INC., VOLODOYMYR ZHUKOVSKYY, DARTANYAN GASANOV, JOSHUA MORIN, JOYANN M. MORIN, ESTATE OF MICHAEL FERAZZI, BY AND THROUGH ITS EXECUTRIX SHIRLEY FERAZZI, EMANUEL RIBIERO, STEVEN LEWIS, ESTATE OF EDWARD CORR, BY AND THROUGH ITS SPECIAL PERSONAL REPRESENTATIVE ALYCIA MAREGNI, ESTATE OF JOANNE CORR, BY AND THROUGH ITS SPECIAL PERSONAL REPRESENTATIVE ALYCIA MAREGNI, ESTATE OF DANIEL PEREIRA, BY AND THROUGH ITS ADMINISTRATRIX HELEN PEREIRA, ESTATE OF AARON PERRY, BY AND THROUGH ITS EXECUTOR WILLIAM PERRY, ESTATE OF DESMA OAKES, BY AND THROUGH ITS EXECUTRIX MORIAH TIDWELL, ESTATE OF ALBERT MAZZA, BY AND THROUGH ITS ADMINISTRATRIX BRITTANY MAZZA, DOUGLAS HAYWARD, BRENDA HAYWARD, DAVID BARK, MARY LOU WELCH, VALERIE RIBIERO, PATRICIA SWEENEY, WILLIAM HOOKER, DANA THOMPSON, DAWN BRINDLEY, MATTHEW FERAZZI, BRIAN FERAZZI, and KEVIN FERAZZI,
    Defendants.

# FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Pilgrim Insurance Company hereby files this First Amended Complaint for Interpleader and Declaratory Relief as a matter of course pursuant to Federal Rule of Civil Procedure 15(a).

## PRELIMINARY STATEMENT

The plaintiff, Pilgrim Insurance Company ("Pilgrim"), brings this Complaint for Interpleader and Declaratory Relief (28 U.S.C. § 1335) with respect to its rights and obligations under a policy of commercial automobile liability insurance issued to Westfield Transport, Inc., Pilgrim Policy Number CSC00001003760 ("the Pilgrim policy"), as well as the rights and potential rights of multiple persons to the proceeds available under the Pilgrim policy as the result of an automobile/motorcycle accident which took place on June 21, 2019 in Randolph, New Hampshire.

## FACTS COMMON TO ALL COUNTS

(a)     The Parties

1. Pilgrim Insurance Company ("Pilgrim") is a Massachusetts corporation licensed to conduct the business of insurance in Massachusetts. Pilgrim has a principal place of business at 695 Atlantic Avenue, Boston, Massachusetts 02111.

2. Defendant Westfield Transport, Inc. ("Westfield") is a Massachusetts corporation licensed to conduct business in Massachusetts. Westfield has a principal place of business at 90 Allison Lane, West Springfield, Massachusetts 01089.

3. Defendant, Dartanyan Gasanov, ("Mr. Gasanov") is an individual who resides in

Massachusetts.

4. Defendant Volodoymyr Zhukovskyy ("Mr. Zhukovskyy") is an individual who resides in Massachusetts.

5. Defendant Joshua Morin is an individual who resides in Dalton, Massachusetts.

6. Defendant Joyann M. Morin is an individual who resides in Dalton, Massachusetts.

7. Defendant Estate of Michael Ferazzi, by and through its Executrix Shirley Ferazzi, was established to administer the interests of the late Michael Ferazzi who last resided in New Hampshire.

8. Defendant Emanuel Ribiero is an individual who resides in Pembroke, Massachusetts.

9. Defendant Steven Lewis is an individual who resides in Brimfield, Massachusetts.

10. Defendant Estate of Edward Corr, by and through its Special Personal Representative, Alycia Maregni, was established to administer the interests of the late Edward Corr who last resided in Massachusetts.

11. Defendant Estate of Joanne Corr, by and through its Special Personal Representative, Alycia Maregni, was established to administer the interests of the late Joanne Corr who last resided in Massachusetts.

12. Defendant Estate of Daniel Pereira, by and through its Administratrix Helen Pereira, was established to administer the interests of the late Daniel Pereira who last resided in Rhode Island.

13. Defendant Estate of Aaron Perry, by and through its Executor William Perry, was established to administer the interests of the late Aaron Perry who last resided in New Hampshire.

14. Defendant Estate of Desma Oakes, by and through its Executrix Moriah Tidwell, was established to administer the interests of the late Desma Oakes who last resided in New Hampshire.

15. Defendant Estate of Albert Mazza, by and through its Administratrix Brittany Mazza, was established to administer the interests of the late Albert Mazza who last resided in New Hampshire.

16. Defendant Douglas Hayward is an individual who resides in East Bridgewater, Massachusetts.

17. Defendant Brenda Hayward is an individual who resides in East Bridgewater, Massachusetts.

18. Defendant David Bark is an individual who resides in Charlestown, New Hampshire.

19. Defendant Mary Lou Welch is an individual who resides in Lee, New Hampshire.

20. Defendant Valerie Ribiero is an individual who resides in Pembroke, Massachusetts.

21. Defendant Patricia Sweeney is an individual who resides in Marshfield, Massachusetts.

22. Defendant William Hooker is an individual who resides in East Bridgewater, Massachusetts.

23. Defendant Dana Thompson, on information and belief, is an individual who resides in New Hampshire.

24. Defendant Dawn Brindley is an individual who resides in New Boston, New Hampshire.

25. Defendant Matthew Ferazzi, on information and belief, is an individual who resides in New Hampshire.

26. Defendant Brian Ferazzi, on information and belief, is an individual who resides in New

Hampshire.

27. Defendant Kevin Ferazzi, on information and belief, is an individual who resides in New Hampshire.

28. The Defendants in Paragraphs five (5) through nineteen (27) will be referred to collectively as "the claimants."

### (b)   Jurisdiction and Venue

29. Pilgrim re-alleges paragraphs 1 through 28 and incorporates them herein by reference.

30. Pursuant to 28 U.S.C. § 1335, this Court has jurisdiction because two or more of the defendants reside in different states and the amount in controversy is greater than $500.00.

31. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because at least one defendant resides in Massachusetts, which is located within this Court's judicial district.

### (c)   The Claims

32. Pilgrim re-alleges paragraphs 1 through 31 and incorporates them herein by reference.

33. On June 21, 2019, Westfield was the owner of a 2016 Dodge Ram with attached trailer ("the Westfield Transport vehicle").

34. On June 21, 2019, Mr. Zhukovskyy was operating the Westfield Transport vehicle along Route 2 in Randolph, New Hampshire, when he was involved in a serious motor vehicle accident ("the accident") with several motorcycles.

35. At the time of the accident, Pilgrim's Insured, Westfield Transport, pursuant to Pilgrim Policy Number CSC00001003760. The Pilgrim policy had liability insurance coverage with a combined single limit of one million dollars ($1,000,000). A true and accurate

copy of the Declarations Massachusetts Business Auto Coverage Form and applicable Massachusetts Mandatory Endorsement is attached hereto as Exhibit "A".

36. As a result of the accident, the claimants specified in paragraphs 5 through 27, have presented claims varying in severity to Pilgrim. Seven of the claims involve fatalities.

(d)     The Competing Claims

37. Pilgrim re-alleges paragraphs 1 through 36 and incorporates them herein by reference.

38. The claims alleged by the claimants vary in severity and include, but are not limited to, seven (7) wrongful deaths, bodily injuries, loss of consortium, as well as intentional infliction of emotional distress.

39. Each of the claimants are claiming, intend to claim, or make a claim sometime in the future, that they are entitled to recover damages from Pilgrim's insureds as a result of the June 21, 2019 accident.

40. Due to the potential large number of claims and the severity of the claims for the liability coverage afforded by Pilgrim, Pilgrim is unable to determine the appropriate amounts to be paid under the Pilgrim policy and determine the division of the $1,000,000 policy proceeds to the satisfaction of the many claimants in exchange for a release of its insureds.

41. In response to the numerous varying claims, Pilgrim requests that it be allowed to pay its $1,000,000 policy proceeds into court pursuant to its policy language to resolve its obligations to its insured and the claimants and files this Complaint for Interpleader and Declaratory Judgment in order to protect the rights of persons making claims, or persons who may make claims, under the Pilgrim policy, and to avoid the expense of defending

numerous adverse claims.

(e) <u>Pending Litigation</u>

42. Pilgrim re-alleges paragraphs 1 through 41 and incorporates them herein by reference.

43. On or about July 2, 2019, claimants Joshua L. Morin and Joyann M. Morin filed civil action 1979-CV-00488 in the Hamden County Superior Court alleging multiple causes of action against Westfield and Mr. Zhukovskyy.

44. On or about August 2, 2019, claimant Mary Lou Welch filed civil action 219-2019-CV-00449 in the Strafford Superior Court in Dover, New Hampshire alleging multiple causes of action against Westfield.

45. On or about August 21, 2019, Alycia Maregni, As Special Personal Representative of the Estate of Edward A. Corr and of the Estate of Jo-Ann M. Corr, filed civil action 1983-CV-0909 in the Plymouth County Superior Court alleging multiple causes of action against Westfield, Mr. Zhukovskyy and Dartanyan Gasanov.

<u>COUNT I</u>

46. Pilgrim re-alleges paragraphs 1 through 45 and incorporates them herein by reference.

47. Pursuant to 28 U.S.C. § 1335 and the procedure outlined in the Supreme Court case of <u>State Farm Fire & Cas. Co. v. Tashire</u>, 87 S.Ct. 1199 (1967) and the First Circuit case of <u>Metropolitan Property & Casualty Ins. Co. v. Shan Tran, Inc. d/b/a Thrifty Car Rental</u>, 324 F.3d 20 (1st Cir. 2003), Pilgrim is entitled to interplead its policy limits into this court to require all claims be established in a single proceeding and establish Pilgrim's legal obligations to the defendants with finality.

48. Under the terms of the standard Massachusetts Mandatory Endorsement of the Pilgrim

policy, Pilgrim is required to provide a legal defense to its insured for lawsuits arising out of accidents during the policy term. However, the Massachusetts Mandatory Endorsement allows Pilgrim to relinquish its duty to defend if it tenders its full policy limits to this Court.   The specific language of the policy states as follows:

> We have the right to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense," even if it is without merit. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. If an "insured" settles a claim without our consent, we will not be bound by that settlement. Our duty to defend ends when we tender, or pay to any claimant or to a court of competent jurisdiction, with the court's permission, the maximum amount of the Liability Coverage Limit of Insurance. We may end our duty to defend at any time during the course of the "suit" by tendering, or paying the maximum amount of the Liability Coverage Limit of Insurance, without the need for a judgment or settlement of the "suit" or a release by the claimant.

49. Pilgrim notes that this endorsement language is controlled by the Commonwealth of Massachusetts, not by Pilgrim, and must be given its ordinary meaning.   Goodman v. American Cas. Co., 419 Mass. 138, 140 (1994) (stating "Because this language in the standard Massachusetts automobile policy is controlled by the Commissioner of Insurance, and not any insurer, we do not construe any ambiguity against the insurer.").

50. Pilgrim has investigated the claimants' claims and determined that it cannot resolve all of the claims against its insureds with the policy proceeds and wishes to end its obligations to its insureds by paying its maximum limits of coverage under its policy.

51. Pilgrim notes that its sole interest is to pay its money in accordance with the terms of its policy and thereby conclude its obligations to its insureds.   Pilgrim is, therefore, open to

(and likely agreeable to) any reasonable terms and conditions that this Court or the parties might wish to suggest.

52. If this Court allows it to deposit its policy proceeds into court, Pilgrim specifically requests that this Court include in its order the name of the payees to whom the money should go, and any other terms that this Court may wish to impose.

WHEREFORE, Pilgrim requests that this Court:

(a) Compel the claimants to determine through interpleader their competing claims against the policy proceeds;

(b) Extinguish with finality all claims that the claimants and insureds have against Pilgrim upon payment of the insurance proceeds;

(c) Upon payment of its policy proceeds, discharge all liabilities, duties, and obligations under Pilgrim Policy Number CSC00001003760;

(d) Adjudge that the payment of Pilgrim's policy proceeds into court terminates Pilgrim's duty to defend its insureds; and

(e) Such other and further relief as this Court may deem appropriate.

PILGRIM INSURANCE COMPANY,
By its attorneys,

/s/ Michael J. Merriam
Michael J. Merriam, Esq.
Law Offices of Michael J. Merriam
99 Bedford Street, Suite 400
Boston, Massachusetts 02111-2221
mmerriam@praclaw.com
(617) 428-4200
BBO#: 632964

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served on those indicated as non-registered participants or their counsel as service of this first amended complaint and summons.

/s/ Michael J. Merriam
Michael J. Merriam, Esq.

Dated: December 20, 2019