## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PILGRIM INSURANCE COMPANY,   )
   )
   )
Plaintiff,   )
   )
   )   Case No. 1:19-cv-12358-LTS
v.   )
   )
WESTFIELD TRANSPORT, INC., ET AL  )
   )
Estates.   )
   )

## ESTATE OF DESMA OAKES ANSWER
## TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER

The Estate of Desma Oakes (the "Estate") answers the Plaintiff's Complaint for Interpleader according to its numbered paragraphs as follows:

1.      The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1 of the Complaint.

2.      The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 2 of the Complaint.

3.      The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 3 of the Complaint.

4.      The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 4 of the Complaint.

5.      The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 5 of the Complaint.

6.      The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 6 of the Complaint.

7.      The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 7 of the Complaint.

8.      The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 8 of the Complaint.

9.      The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 9 of the Complaint.

10.     The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 10 of the Complaint.

11.     The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 11 of the Complaint.

12.     The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 12 of the Complaint.

13.     The Estate is without sufficient knowledge or information to either admit
or deny the allegations contained in paragraph 13 of the Complaint.

14.     The Estate admits the allegation contained in paragraph 14 of the Complaint.

15.     The Estate is without sufficient knowledge or information to
either admit or deny the allegations contained in paragraph 15 of the Complaint.

16.     The Estate is without sufficient knowledge or information to either
admit or deny the allegations contained in paragraph 16 of the Complaint.

17.     The Estate is without sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 17 of the Complaint.

18.     The Estate is without sufficient knowledge or information to either admit

or deny the allegations contained in paragraph 18 of the Complaint.

19.     The Estate is without sufficient knowledge or information to either admit

or deny the allegations contained in paragraph 19 of the Complaint.

20.     Paragraph 20 contains a statement for which no admission or denial is required.

21.     Paragraph 21 contains a statement for which no admission or denial is required.

22.     Paragraph 22 states a legal conclusion for which no admission or denial is required.

Notwithstanding the Estate *agrees* that this Court has jurisdiction pursuant to 28 U.S.C. §

1335.

23.     Paragraph 23 states a legal conclusion for which no admission or denial is required.

Notwithstanding, the Estate *agrees* that Venue is proper in the United State District Court

for the District of Massachusetts pursuant to 28 U.S.C. § 1397.

24.     Paragraph 24 contains a statement for which no admission or denial is required.

25.     On information and belief, the Estate agrees with the allegations of fact contained in

paragraph 25 of the Complaint.

26.     On information and belief, the Estate agrees with the allegations of fact contained in

paragraph 26 of the Complaint.

27.     The Estate states that the Pilgrim insurance policy (No. CSC000011003760) referenced

in paragraph 27 of the Complaint speaks for itself.

28.     The Estate is without sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 28 of the Complaint.   However, the Estate admits it has

brought a claim against Pilgrim relating to Desma Oakes' fatality in the June 21, 2019 collision.

29.    Paragraph 29 contains a statement for which no admission or denial is required.

30.    The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 30 of the Complaint.

31.    The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 31 of the Complaint.

32.    The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 32 of the Complaint.

33.    The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 33 of the Complaint.  Notwithstanding, the Estate *agrees* with Pilgrim's request to pay its $1,000,000 policy proceeds into court pursuant to its policy language.

34.    Paragraph 34 contains a statement for which no admission or denial is required.

35.    The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 35 of the Complaint.

36.    The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 36 of the Complaint.

37.    The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 37 of the Complaint.

## COUNT I

38.    Paragraph 38 contains a statement for which no admission or denial is required.

39.    Paragraph 39 contains a legal conclusion for which no admission or denial is

required.   Notwithstanding, the Estate *agrees* that Pilgrim should be allowed to interplead its policy limits into this court to require all claims be established and adjudicated.

40.     The Estate states that the Pilgrim's Massachusetts Mandatory Endorsement referenced in paragraph 27 of the Complaint speaks for itself.

41.     Paragraph 41 contains a legal conclusion for which no admission or denial is required.

42.     The Estate is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 42 of the Complaint.

43.     Paragraph 43 contains a statement for which no admission or denial is required.

44.     Paragraph 44 contains a statement for which no admission or denial is required.

### AFFIRMATIVE DEFENSES

1.     The Estate reserves the right to supplement its affirmative defenses in accordance with Massachusetts' General Laws and Rules of Court.

WHEREFORE, The Estate of Desma Oakes respectfully requests this court:

A.     Grant Pilgrim's request to compel all claimants to determine through interpleader their competing claims against the policy proceeds; and

B.     Grant such other and further relieve as this Court may deem just and equitable.

Respectfully Submitted,

The Estate of Desma Oakes
By its attorneys:

Date: _____

/s/ Stephen M. Salon
Stephen M. Salon, Esq., BBO #439280
Salon & Associates
160 Old Derby Street
Hingham, MA 02043
ssalon@salonlaw.com

And

/s/ Jason R. Crance
Jason R. Crance, Esq.
Law Office of Jason R. Crance
65 Dartmouth College Highway
Lyme, New Hampshire, 03768
(603) 643-8801
jcrance@crancelaw.com
*Pro Hac Vice Admission Pending*

## CERTIFICATION

I hereby certify that on the above date I sent copies of the foregoing via email transmission and electronically to the registered participants identified in the Notice of Electronic Filing. A paper copy will be sent via regular first class mail to all parties not registered through ECF.

/s/ Stephen M. Salon
Stephen M. Salon, Esq., BBO #439280