UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PILGRIM INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>WESTFIELD TRANSPORT, INC., VOLODOYMYR ZHUKOVSKYY, DARTANYAN GASANOV, JOSHUA MORIN, JOYANN M. MORIN, ESTATE OF MICHAEL FERAZZI, BY AND THROUGH ITS EXECUTRIX SHIRLEY FERAZZI, EMANUEL RIBIERO, STEVEN LEWIS, ESTATE OF EDWARD CORR, BY AND THROUGH ITS SPECIAL PERSONAL REPRESENTATIVE ALYCIA MAREGNI, ESTATE OF JOANNE CORR, BY AND THROUGH ITS SPECIAL PERSONAL REPRESENTATIVE ALYCIA MAREGNI, ESTATE OF DANIEL PEREIRA, BY AND THROUGH ITS ADMINISTRATRIX HELEN PEREIRA, ESTATE OF AARON PERRY, BY AND THROUGH ITS EXECUTOR WILLIAM PERRY, ESTATE OF DESMA OAKES, BY AND THROUGH ITS EXECUTRIX MORIAH TIDWELL, ESTATE OF ALBERT MAZZA, BY AND THROUGH ITS ADMINISTRATRIX BRITTANY MAZZA, DOUGLAS HAYWARD, BRENDA HAYWARD, DAVID BARK, MARY LOU WELCH, VALERIE RIBIERO, PATRICIA SWEENEY, WILLIAM HOOKER, DANA THOMPSON, DAWN BRINDLEY, MATTHEW FERAZZI, BRIAN FERAZZI, AND KEVIN FERAZZI,<br><br>   Defendants. | 1:19-CV-12358-LTS |

**ANSWER OF THE DEFENDANT, ALYCIA MAREGNI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EDWARD CORR AND THE ESTATE OF JO-ANN M. CORR**

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.

5. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

6. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

7. The defendant is without sufficient knowledge or information at this time to admit or to deny these allegations. To the extent an answer is required, the defendant denies these allegations.

8. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

9. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

10. Admitted.

11. Admitted.

12. The defendant is without sufficient knowledge or information at this time to admit or to deny these allegations. To the extent an answer is required, the defendant denies these allegations.

13. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies these allegations.

14. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies these allegations.

15. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies these allegations.

16. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

17. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

18. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

19. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

20. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

21. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

22. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

23. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

24. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

25. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

26. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

27. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent an answer is required, the defendant denies this allegation.

28. Paragraph 28 does not require a response.

## Jurisdiction and Venue

29. Paragraph 29 is merely a recitation to which an answer is not required. To the extent an answer is required, the defendant incorporates her answers to Paragraphs 1-28.

30. Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, the defendant admits this allegation.

31. Paragraph 31 states a legal conclusion to which no response is required. The defendant admits that she resides in Massachusetts.

### The Claims

32. Paragraph 32 is merely a recitation to which an answer is not required. To the extent an answer is required, the defendant incorporates her answers to Paragraphs 1-31.

33. Admitted.

34. Admitted.

35. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent a response is required, the defendant denies this allegation.

36. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent a response is required, the defendant denies this allegation.

### The Competing Claims

37. Paragraph 37 is merely a recitation to which an answer is not required. To the extent an answer is required, the defendant incorporates her answers to Paragraphs 1-36.

38. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. The defendant admits to filing a claim for wrongful death on behalf of the Estate of Edward Corr and the Estate of Jo-Ann Corr.

39. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. The defendant admits to filing a claim for wrongful death on behalf of the Estate of Edward Corr and the Estate of Jo-Ann Corr against Volydymyr V. Zhukovsky, Westfield Transport, Inc., and Dartanyan Gasanov.

40. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent a response is required, the defendant denies this allegation.

41. The defendant is without sufficient knowledge or information at this time to admit or to deny this allegation. To the extent a response is required, the defendant denies this allegation.

## Pending Litigation

42. Paragraph 42 is merely a recitation to which an answer is not required. To the extent an answer is required, the defendant incorporates her answers to Paragraphs 1-41.

43. This paragraph does not apply to the defendant and the defendant is without sufficient knowledge or information at this time to admit or to deny this allegation.

44. This paragraph does not apply to the defendant and the defendant is without sufficient knowledge or information at this time to admit or to deny this allegation.

45. Admitted.

## Count I

46. Paragraph 46 is merely a recitation to which an answer is not required. To the extent an answer is required, the defendant incorporates her answers to Paragraphs 1-45.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, the defendant denied the allegation.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, the defendant denies the allegation.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, the defendant denies the allegation.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, the defendant denied the allegation

51. Paragraph 51 does not require a response.

52. Paragraph 52 does not require a response.

## AFFIRMATIVE DEFENSES

The defendant asserts the affirmative defenses set forth below, the defendant specifically reserves the right to amend this pleading to raise additional defenses.

### *First Defense*

Plaintiff failed to state a claim against the defendant upon which relief may be granted.

### *Second Defense*

Plaintiff failed to comply with 28 U.S. Code § 1335 (2).

### Third Defense

Plaintiff's claims are barred by the doctrines of estoppel, laches and waiver.

### Fourth Defense

Plaintiff's Complaint for Declaratory Judgment does not allege or present an actual controversy over which this court may assert jurisdiction, and Plaintiff's Complaint must therefore be dismissed.

### Fifth Defense

This action will not resolve any uncertainty as to the relief sought or the issue of multiple possible suits. Plaintiff's Complaint must therefore be dismissed.

### Sixth Defense

Plaintiff has not alleged the necessary prerequisites sufficient to state a claim for declaratory relief, including but not limited to an irreparable injury. Plaintiff's Complaint must therefore be dismissed.

### Seventh Defense

Plaintiff's Complaint is barred by the doctrine of ripeness as the cause of action stated therein depends upon the determination of facts in the underlying claims which have yet to be determined. Plaintiff's Complaint must therefore be dismissed.

### Eighth Defense

Plaintiff's Complaint does not present a matter over which a Federal Court should exercise discretionary jurisdiction under the Declaratory Judgment Act and Plaintiff's Complaint should therefore be dismissed.

### Ninth Defense

Any remedy to which Plaintiff may be entitled in this action is also available in a proper state forum and this court should therefore decline jurisdiction over this action.

### Tenth Defense

This court lacks personal jurisdiction over parties indispensable to this action and indispensable to any proper determination of facts upon which the alleged insurance policy provisions rely. Therefore, Plaintiff's Complaint should therefore be dismissed.

### Eleventh Defense

Plaintiff does not have any standing to sue the defendant.

### *Twelfth Defense*

Plaintiff's claims against defendant are barred by terms, conditions, endorsements, and exclusions of Pilgrim Insurance Company and by application of law and principles of equity.

### **DEMAND FOR JURY TRIAL**

The defendant, demands a trial by jury.

DEFENDANT,

By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

/s/ Rosa G. Mazzeo

_____
Neil Sugarman, Esq. – BBO# 484360
nsugarman@sugarman.com
Stacey L. Pietrowicz, Esq. – BBO# 672395
spietrowicz@sugarman.com
Rosa G. Mazzeo, Esq. – BBO# 697952
rmazzeo@sugarman.com
The Prudential Tower
800 Boylston Street, 30th Floor
Boston, MA 02199
(617) 542-1000

### Certificate of Service

I hereby certify that this document will be filed through the electronic filing system of the Court, which system will serve counsel for all parties, on March 2, 2020.

/s/ Rosa. G. Mazzeo
Rosa G. Mazzeo